WALKENHAUER *v.* CHICAGO, B. & Q. R. Co.

*(Circuit Court, D. Iowa.* February, 1882.)

RAILROAD—CODE, IOWA, § 1289—FENCING—INJURY TO CHILD.

Section 1289 of the Iowa Code of 1873, providing that "any corporation operating a railway, that fails to fence the same against live-stock running at large, at all points where such right to fence exists, shall be liable to the owner of any stock injured or killed by reason of the want of such fence, or for the value of the property or damage caused, unless the same was occasioned by the willful act of the owner or agent," does not impose on such railroad corporation the absolute duty of fencing, and it will not be liable for an injury caused to a child by reason of the absence of a fence alone, no other fault or negligence being charged.

At Law.

*T. C. Whiteley* and *Newman & Blake*, for plaintiff.

*P. Henry Smyth* and *H. H. Trimble*, for defendant.

McCRARY, J. Where the statute imposes upon a railway company the duty to fence its track, it may well be claimed that the neglect of that duty is negligence, for all the consequences of which the company would be liable; and such being the rule, it might be contended, with much force of argument, that the company would be liable for an injury to an infant child caused by the absence of such fence, notwithstanding the fact that the purpose of the statute may have been to prevent injury to live-stock. It is not, however, necessary in the present case to consider these questions, for we are of the opinion that the Iowa statute did not impose upon the defendant the duty of fencing its track. The statute provides as follows:

"Any corporation operating a railway, that fails to fence the same against live-stock running at large, at all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence, or for the value of the property or damage caused, unless the same was occasioned by the willful act of the owner or his agent; and in order to recover, it shall only be necessary for the owner to prove the injury or destruction of his property. And if such corporation neglect to pay the value of, or damage done to, any such stock, within thirty days after notice in writing, accompanied by an affidavit of such injury or destruction, has been served, * * * such owner shall be entitled to recover double the value of the stock killed or damages caused thereby," etc. Code of 1873, § 1289.

· This statute does not provide that every railway company shall fence its track.   It imposes no positive or imperative duty to do so. It is a statute plainly intended to protect the owner of live-stock running at large, and this purpose is sought to be accomplished, not by imposing the duty of fencing upon the railway companies, but by providing that if they shall fail to fence, they shall be liable to the owner of any stock killed or injured for the want of a fence, unless occasioned by the willful act of the owner, and that in case such owner is not paid the amount of his damages within 30 days from the time he shall give notice of his loss to the company, and prove the amount thereof by affidavit, he may recover double damages. Under the statute the railway company is not bound to fence its road, but is subject to a certain liability if it fail to do so.   If the company chooses to run the risk of leaving its road unfenced, and to assume the pecuniary liability imposed by the statute as a consequence of so doing, it has a right to do so.   It cannot, therefore, be said that the statute imposed upon the company the absolute duty of fencing; and as negligence can only be imputed to the company in consequence of a failure to discharge a duty imposed by law, the defendant cannot be held liable upon the facts stated in the petition.

The demurrer to the petition is accordingly sustained.

I am authorized to say that LOVE, J., concurs in this opinion.