WILLIAM MORRISSEY, by his next friend, DENNIS MORRISSEY, *vs.* THE PROVIDENCE AND WORCESTER RAILROAD CO.

A young child strayed from its home on to a railroad track, crossed the track, and fell into an adjoining trench. The track was not fenced on the trench side.

In an action against the railroad company for damages, the plaintiff child claimed that its fall was caused by the company's negligence in not fencing the track on the side of the trench.

*Held,* on demurrer to the declaration, that the company was, as to the plaintiff, under no obligation so to fence its tracks that the plaintiff could not get from them on to the adjoining land.

*Held,* further, that the action could not be maintained.

On demurrer to a declaration against a corporation, the charter of the corporation is not before the court.

TRESPASS ON THE CASE. On demurrer to the declaration.

*February* 13, 1886. STINESS, J. Upon demurrer to the declaration, the following facts are before us: The plaintiff, a child of about four years, living upon the line of a railroad, strayed across the track in front of his home, to the opposite side of the railroad, where there was no fence it being the duty of the defendant to maintain one; thence into land adjoining, where, within a few feet of the railroad, was a trench filled with water, into which the child fell, receiving injury. The defendant cites upon the brief a provision of the charter of the company, requiring a request from an adjoining owner before the obligation to fence arises. But the charter is not before us. Assuming the duty, as set forth in the declaration, the question is, whether the action can be maintained. A fatal objection to the plaintiff's case is that the injury was not the result of any breach of duty which the company owed to the plaintiff. The obligation of a railroad company to guard its track by fences is chiefly for the purpose of protecting persons and cattle from harm to which they would there be liable. The duty of the company is to keep people from danger on its own premises, and not from danger on the premises of its neighbors. The company is not bound so to guard its road that children or cattle cannot get across it to the land of other persons. And yet, in order to state a case, the plaintiff, under the facts before us, would be obliged to set out such a duty. The case is radically different from one where a child strays upon an unguarded track, which he might reasonably be expected to enter, and there receives an injury. Here the child crossed the track in safety, and, having en-

tered upon land on the other side, the injury was caused by the fall into the trench. But the fall was not the fault of the company, and was not consequent upon the fact that there was no fence " within a few feet of it," on the side towards the railroad. The real complaint, therefore, is that the defendant did not by a fence prevent the child from crossing the track into another's land and there falling into a trench. The defendant was under no such duty. " In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty, and that he would not have been injured if the duty had been performed; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security from the injury." *Smith* v. *Tripp*, 13 R. I. 152; *O'Donnell* v. *Providence & Worcester R. R. Co.* 6 R. I. 211.

We think the principle, which is so clearly set forth in these cases, is decisive in the present case, and the demurrer must be sustained.                                    *Demurrer sustained.*