### AMES *v.* BROADWAY & S. A. R. Co.

(*Superior Court of New York City, General Term.* May 7, 1888.)

NEGLIGENCE—EVIDENCE.

> In an action by an infant under five years of age for injuries received by being run over by defendant's car, it appeared that plaintiff had gone from the court before her mother's house, where she was playing with her mother's permission, to the other side of the street, and was run over while returning. Plaintiff was accustomed to play in the court. *Held,* that it was properly submitted to the jury to determine whether the mother was guilty of negligence in allowing plaintiff to play in the court.

Appeal from jury term.

Action by Mary F. Ames, an infant under five years of age, by her guardian *ad litem,* against the Broadway & Seventh Avenue Railroad Company, for injuries resulting from being run over by one of defendant's cars. The court refused to dismiss the complaint, on the ground that the conduct of plaintiff's mother was negligence *per se,* but submitted all questions of negligence to the jury, and defendant appeals.

Argued before FREEDMAN and O'GORMAN, JJ.

*Root & Strong,* (*Theron G. Strong,* of counsel,) for appellant. *Lucius McAdam,* (*Christopher Fine,* of counsel,) for respondent.

O'GORMAN, J. The chief question now to be discussed is whether the issue as to the contributory negligence of the plaintiff's mother should not have been decided by the court as a question of law. The learned trial judge was, in my opinion, right in refusing to do so. The material facts are these: The infant plaintiff lived with her mother on the first floor of a house in Union court, which was a court-yard opening on the west side of University place, between East Eleventh and East Twelfth streets, and communicating with University place by a passage-way about 9 feet wide. This Union court was about 13 feet wide, and contained a few houses, of which that in which the plaintiff lived was the second from the passage-way leading to University place. On the day of the injury to the plaintiff, she had asked her mother to let her go out, and her mother let her out a little while to play in the court-yard. Then she came in again. Then she pressed her mother to let her out again for a little while. Her mother put on her hat, and told her not to go from the door. The child said "No, mamma." Her mother told her to play about the front of the house there,—not to go away from the door. The mother then left her, in order to attend to another of her children, and within five minutes afterwards the information reached her that the plaintiff had been run over. The plaintiff had been accustomed to play in the court a good deal, but on this occasion it appears that she went with another child, who lived in the court, to a candy store on the east side of University place, and, on recrossing that street in order to return to Union court, the plaintiff was run over. Did this evidence supply such proof of negligence on the part of the mother, contributing to the disaster, as required or authorized the court to charge the jury, as

matter of law, that such negligence had existed? In my opinion it was not negligence *per se* in the mother to allow the plaintiff to play in the court. *McGarry* v. *Loomis*, 63 N. Y. 107. The important question is whether the fact that near and easy means of access into the street from the court existing, through which the plaintiff could stray into the open street, the permission given by her mother to her to play in the court, without continued supervision, or protection against her going outside the court into the street, was not negligence *per se* on the part of the mother. Was it an omission of such care as persons of ordinary prudence exercise, and deem adequate to the circumstances of the case? *Mangam* v. *Railroad Co.*, 38 N. Y. 457 Negligence is a question of fact, and should be left to the jury, as such, when men of ordinary prudence may differ as to the character of the act, under the circumstances of the case, the positions and conditions of the parties. *Wendell* v. *Railroad Co.*, 91 N. Y. 427. In *Kunz* v. *City of Troy*, 104 N. Y. 350, 10 N. E. Rep. 442, the obligation of the parent of an infant *non sui juris* is thus described: "The law exacts no impossibility. It does not require an infant, before reaching the age of discretion, to exercise discretion; but it imposes upon parents and guardians the duty of using reasonable care to protect those incapable of protecting themselves, and if they fail to exercise such care, and the infant is thereby brought into danger, and suffers injury from the negligent act of another, their negligence is deemed the negligence of the infant." In that case the father left his infant son for a few minutes, unattended on the sidewalk, which was there incumbered by fixtures taken from a store near by, and heaped on the sidewalk. One of these fixtures fell upon the child. The court of appeals decided that the dismissal of the complaint was error, and that the case should have gone to the jury.

There is this similarity between the facts of that case and those of the case at bar: the permission of the father to the child to walk on the sidewalk was not, *per se*, negligent. The question for the jury was whether the fact that a part of the sidewalk was dangerous, and within easy reach of the child, did not make the permission given, negligence. The question of negligence in the driver of defendant's car was also properly left to the jury.

The exceptions to the various rulings of the trial judge are not well taken. That part of the judge's charge in which the use of the word "vigilant" occurs, and which is objected to, is similar to the charge of Judge GROVER in Mangam v. *Railroad Co.*, *supra*, 456, and was, besides, so explained by the rest of the charge as to be wholly unobjectionable. The judgment and order should be affirmed, with costs.

FREEDMAN, J., concurred.