CARRIE WEIL, an Infant, by Guardian, etc., Appellant, *v.* DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, plaintiff's evidence was to this effect: Plaintiff, a child two years of age, lived with her parents on the first floor of a building fronting on a street twenty-six feet wide from curb to curb, through which defendant's road runs; her father carried on the bakery business on the same floor. Plaintiff was with her father in the store, the door of which, on account of the heat, was left open. She went behind the counter, and while he supposed she still remained there she escaped into the street and was run over by one of defendant's cars. She had been out of her father's sight not more than two minutes. Plaintiff was nonsuited on the ground that her parents were negligent in omitting to exercise a proper degree of care and watchfulness. *Held,* error; that the question was one of fact for the jury.

(Argued January 14, 1890; decided January 21, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the City of New York, entered upon an order made January 28, 1889, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

The nature of the action and the material facts are stated in the opinion.

*Clemens J. Kracht* and *Albert I. Sire* for appellant.   The plaintiff is entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be deemed established in his favor.  · (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137, 141 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464.) There was no contributory negligence on the part of the parent.  (*Prendergast* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 652 ; *Birkett* v. *K. I. Co.*, 110 id. 504 ; *Fallon* v. *C. P. & N. & E. R. R. R. Co.*, 64 id. 13 ; *Fisselmayer* v. *T. A. R. R. Co.*, 2 N. Y. S. R. 75 ; *Mangam* v. *B. R. R. Co.*, 38 N. Y. 455 ; *Gibbons* v. *Williams*, 135 Mass. 333 ; *McGeary* v. *E. R. R. Co.*, Id. 363 ; *Baxter* v. *S. A. R. R. Co.*, 3 Robt. 510 ; *Wolfkiel* v. *S. A. R. R. Co.*, 38 N. Y. 49 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464 ; *Hart* v. *H. R. B. Co.*, 80 id. 622 ; *Nash* v. *N. Y. C. & H. R. R. R. Co.*, 14 N. Y. S. R. 531 ; *McQuingan* v. *D., L. & W. R. R. Co.*, Id. 651 ; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 18, 41.)   The driver of defendant's car was guilty of gross negligence.     (*Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 109 ; *Mangam* v. *B. R. R. Co.*, 38 id. 455 ; *R. R. Co.* v. *Gladman*, 15 Wall. 401; *Hyland* v. *Y. R. R. Co.*, 15 N. Y. S. R. 824 ; *Moebus* v. *Hermann*, 108 N. Y. 349 ; *Myers* v. *Dixon*, 3 J. & S. 390; *Pascoshell* v. *Twenty-third St. R. Co.*, 23 Wkly. Dig. 200; *Bardenburgh* v. *B. C., etc., R. R. Co.*, 56 N. Y. 652 ; *Sheehan* v. *Edgar*, 58 id. 631 ; *Moody* v. *Osgood*, 66 Barb. 644 ; 54 N. Y. 488, 493 ; *Johnson* v. *H. R. R. R. Co.*, 6 Duer, 633 ; *Guind* v. *S. A. R. R. Co.*, 8 Hun, 494 ; 67 N. Y. 596 ; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289 ; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 531 ; *Knuple* v. *K. I. Co.*, 84 id. 488; *Beisiegel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.] 29.)   Plaintiff being *non sui juris*, her negligence, if any, is no bar to recovery. (*Kunz* v. *City of Troy*, 104 N. Y. 344 ; *Ihl* v. *Forty-second St. R. R. Co.*, 47 id. 317 ; *McGarry* v. *Loomis*, 63 id. 104 ; *Birkett* v. *K. I. Co.*, 110 id. 506.)   The negligence, if any, of plaintiff or her parents is no bar to a recovery, as injury could have been avoided by the exercise of ordinary care and caution on the part of defendant.  (Whart. on Neg. [2d ed.] §§ 325, 326, 343, 388 ;

S. & R. on Neg. [4th ed.] §§ 99, 483; *Kenyon* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 479; 76 N. Y. 607; *Green* v. *E. R. Co.*, 11 Hun, 333; *Austin* v. *N. J. S. Co.*, 43 N. Y. 75, 82; *Button* v. *H. R. R. R. Co.*, 18 id. 248, 258; *Blanchard* v. *N. J. S. Co.*, 59 id. 292, 296; *McGrath* v. *H. R. R. R. Co.*, 32 Barb. 144; 19 How. Pr. 211; *Haley* v. *Earle*, 30 N. Y. 208; *Connery*, v. *Slavin*, 23 Wkly. Dig. 545; *Mallard* v. *N. A. R. R. Co.*, 7 N. Y. Suppl. 666; *Klein* v. *Jewett*, 26 N. J. Eq. 474; *Priest* v. *Nichols*, 116 Mass. 401; *Radley* v. *N. R. R. Co.*, L. R. [1 App. Cas.] 759; *Davis* v. *Mann*, 10 M. & W. 546; *Tuff* v. *Warman*, 5 C. B. [N. S.] 573; *Scoville* v. *H.*, *etc.*, *R. R. Co.*, 81 Mo. 434; *Welsh* v. *J. etc.*, *R. R. Co.*, Id. 466.) The question of negligence should have been submitted to the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *McGrath* v. *H. R. R. R. Co.*, 32 Barb. 144; *Endress* v. *L. S. & M. S. R. R. Co.*, 19 N. Y. S. R. 481; *Keller* v. *N. Y. C. R. R. Co.*, 24 How. Pr. 172; *Wolfkiel* v. *S. A. R. R. Co.*, 38 N. Y. 49; *Nichols* v. *S. A. R. R. Co.*, Id. 131; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Wooden* v. *Austin*, 51 Barb. 9; *Monroe* v. *T. A. R. R. Co.*, 18 J. & S. 114; *Vanderwald* v. *Olsen*, 1 N. Y. S. R. 506; *Thompson* v. *Lumly*, 50 How. Pr. 105; *Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 8 J. & S. 128; *Myers* v. *Dixon*, 3 id. 392; *Byrnes* v. *N. Y.*, *L. E.*, *etc.*, *R. R. Co.*, 22 N. Y. S. R. 936; *Rehberg* v. *Mayor*, *etc.*, 91 N. Y. 137, 141; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 id. 494.) The General Term erred in viewing the testimony in the most unfavorable light and drawing the most unfavorable inferences therefrom. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *McGrath* v. *H. R. R. R. Co.*, 32 Barb. 144; *Kellar* v. *N. Y. C. R. R. Co.*, 20 How. Pr. 172; *Rehberg* v. *Mayor*, *etc.*, 91 N. Y. 137, 141; *Justice* v. *Lang*, 52 id. 331.)

*John M. Scribner* for respondent. There was no error in granting the defendant's motion for a nonsuit. (*Tolman* v. *S.*, *etc.*, *R. R. Co.*, 98 N. Y. 198; *Button* v. *H. R. R. R. Co.*, 18 id. 248; *Hale* v. *Smith*, 78 id. 480, 483; *Hart* v. *H. R. B. Co.*, 84 id. 56, 62; *Becht* v. *Corbin*, 92 id. 658; *Wendell* v.

*N. Y. C. R. R. Co.*, 91 id. 420, 427; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 id. 250; *Cordell* v. *N. Y. C. R. R. Co.*, 75 id. 332; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id. 9, 14; *Wilds* v. *H. R. R. Co.*, 24 id. 432; *Davenport* v. *B. C. R. R. Co.*, 100 id. 632.) The negligence of plaintiff's father in permitting her to get into the street and on to the railroad track, under the circumstances disclosed by the evidence, is imputable to the child herself and defeats her right of action. (*Hartfield* v. *Roper*, 21 Wend. 615; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 N. Y. 333; *Wendell* v. *N. Y. C. R. R.* 91 id. 420; *Flood* v. *B., N. Y. & P. R. R. Co.*, 23 N. Y. Wkly. Dig. 501; *Tolman* v. *S. R. R. Co.*, 98 N. Y. 202; *Honegsberger* v. *S. A. R. R. Co.*, 1 Keyes, 572; *Burke* v. *B. & S. A. R. R.*, 49 Barb. 529; *Chrystal* v. *T. & B. R. R. Co.*, 105 N. Y. 164; *McGuire* v. *Spence*, 91 id. 305; *Kunz* v. *City of Troy*, 104 id. 344; *Murphy* v. *Orr*, 96 id. 16; *Birkett* v. *K. I. Co.*, 110 id. 504; *Mangam* v. *B. R. R. Co.*, 38 id. 456, 457; *Flynn* v. *Hatton*, 43 How. Pr. 333, 356; *Brown* v. *E. & N. A. R. R. Co.*, 58 Me. 388; *Holly* v. *B. G. Co.*, 8 Gray, 132; *Morrison* v. *E. R. Co.*, 56 N. Y. 302; *City of Chicago* v. *Starr*, 42 Ill. 175; *P., F. W. & C. R. R. Co.*, v. *Vining*, 27 Ind. 513; *Fitzgerald* v. *S. P., etc., R. R. Co.*, 29 Minn. 236; *J., etc., R. R. Co.*, v. *Bowen*, 40 Ind. 545; 49 id. 154; *Wright* v. *M., etc., R. R. Co.*, 4 Allen, 283; *L. & I. R. R. Co.* v. *Huffman*, 28 Ind. 289; *E., etc., R. R. Co.* v. *Wolf*, 59 id. 89; *Waite* v. *N. E. R. R. Co.*, 5 Jur. [N. S.] 936; 28 L. J. [Q. B.] 260; *Singleton* v. *E. C. R. R. Co.*, 7 C. B. [N. S.] 287; *Mangam* v. *Atterton*, L. R. [1 Exch.] 239; *Callahan* v. *Bean*, 9 Allen, 401; *Glassy* v. *H., etc., R. R. Co.*, 57 Penn. St. 172; *Railroad Co.* v. *Long*, 25 P. F. Smith, 257; *P. & R. R. R. Co.* v. *Hummell*, 8 Wright, 379; *Gibbons* v. *Williams*, 135 Mass. 333.) There was no negligence in failing to prevent a child from approaching unseen the side of a car after the horses have passed, and thus to be injured by the car wheels. (*Bulger* v. *A. R. Co.*, 42 N. Y. 459; *Unger* v. *F. S. S. R. R. Co.*, 51 id. 497.) The defendant was not negligent in running this car without a conductor. (*B. C. R. R. Co.* v. *City of*

*Brooklyn*, 37 Hun, 413; *Lamline* v. *H. W. S., etc., R. R. Co.*, 6 N. Y. S. R. 248.) The question of negligence or want of negligence on an undisputed state of facts, is always a question of law to be decided by the court. (*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 N. Y. 440; *Smith* v. *H. R. R. Co.*, 92 Penn. St. 450; *R. R. Co.* v. *Long*, 25 P. F. Smith, 257.)

O'Brien, J. This action was brought to recover damages for personal injuries sustained by the plaintiff, she having been thrown down and run over by one of defendant's cars, passing in front of her father's residence in Lewis street, in the city of New York, on the 13th day of July, 1886.

On the trial of the action in the Superior Court the plaintiff was nonsuited, and the judgment has been affirmed by the General Term of that court.

The question here is whether the trial court, upon the testimony before it, was warranted in disposing of the case as a question of law instead of submitting it to the jury as one of fact. The plaintiff, at the time the accident occurred, was a few days under two years of age and the nonsuit proceeded upon the ground that her parents, with whom she lived, neglected to exercise that care and restraint over her that the law requires in case of children of such tender years; that this neglect is imputable to the plaintiff and precludes her from recovering damages for the injury.

It appears that the plaintiff with her father and mother, at the time the accident occurred, resided on the first floor of a house in Lewis street, the father keeping a bakery store on the same floor and a bakery underneath, or in the basement, and carried on the bakery business. The street in front, through which the railroad runs and where the plaintiff was injured, is about twenty-six feet in width from curb to curb. The fires in the bakery under the store and the heat of the day raised the temperature in the rooms on this narrow street to such a degree that the door leading to the street was left open. About four or five o'clock of the day, the mother of the child, desiring to do some cooking in the kitchen, took her to her

father in the store and requested him to take care of her. The child after playing and talking with her father for a couple of minutes went behind the counter and remained there some time While she was there, or at least while the father supposed she was there, he proceeded to make some entries on his books in regard to the business of the day and while he was thus engaged the child escaped through the door into the street and was run over by one of defendant's cars. The evidence is not very clear as to the period of time that the plaintiff was absent from the father's sight prior to the accident, but we think that the jury could have found that it did not exceed two minutes, and it was not more than ten or fifteen minutes from the time that the mother left the plaintiff with the father, in the store, to the time that the accident actually occurred ; that the plaintiff was quite seriously, if not permanently, injured is not disputed. In regard to the negligence of the defendant, it was shown that it was a one-horse car with a driver but no conductor. When approaching the bakery where the plaintiff lived, and for a space of eighty to one hundred feet, the horse was driven on a gallop at the rate of from seven to ten miles per hour. The driver could have seen the plaintiff in the street had he been looking ahead, but his attention was directed to the rear of the car and to the opposite side of the street to warn off some boys who were improperly attempting to ride upon the rear platform. It is apparent that the driver did not see and could not have seen the plaintiff when she was struck, as his back was turned toward the house and the same rate of speed was kept up for a considerable distance past the point in the street where the accident happened. There was, therefore, evidence in the case competent and proper for the consideration of the jury on the question of the defendant's negligence.

We think that the trial court was not warranted in deciding upon the evidence as it stood, when the case was closed, that, as matter of law, the parents of the plaintiff neglected to observe that degree of care and watchfulness in regard to her movements, under all the circumstances, that the law imposed upon them. In reviewing a judgment of nonsuit the plaintiff is

entitled to the most favorable inference deducible from the evidence, and all contested questions of fact are to be deemed established in her favor, and when, from the facts and circumstances shown, inferences are to be drawn which are not certain and incontrovertible, the question becomes one of fact. The plaintiff's parents were bound to protect her from danger so far as that could be done by the exercise of reasonable prudence and care. The law did not require the father to suspend his business and keep the child every moment under his eye. He was required only to exercise such a degree of care as was reasonable in his situation and under all the circumstances of the case. Whether in this case the father did, in fact, all that a reasonably careful and prudent man ought to have done under the circumstances, was a question for the jury and not for the court. (*Birkett* v. *K. I. Co.*, 110 N. Y. 506; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464.)

The case, therefore, should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.