NICHOLAS SAUERBORN, as Administrator, etc., of KATE M. SAUER-
BORN, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Appellant.

*Contributory negligence as a ground of nonsuit — duty of a person crossing a rail-
road in a vehicle driven by another — failure to sound a locomotive bell or whistle.*

In an action brought to recover damages for a personal injury, alleged to have
been caused by the defendant's negligence, it is only in exceptional cases that
a nonsuit can be granted on account of the contributory negligence of the
party injured.

In such an action, it is only where it clearly appears from all the circumstances,
or is proved by uncontradicted evidence, that the party injured has, by his own
acts or neglect, contributed to the injury, that the court can take the case from
the jury.

In an action against a railroad company, to recover damages for the death of a
person caused by a collision with a train while crossing the railroad tracks in
a vehicle driven by another, the court charged the jury that it behooved the
driver and the deceased to take extraordinary pains to prevent their being on
the tracks when a train was passing, and thus prevent a collision; and that
the deceased had the duty imposed upon her to aid her companion in all ways
in which a person riding in a vehicle should do, by looking and by suggestion,
and by assistance, to prevent any injury to either of them by a collision with a
train.

*Held,* that this instruction was not open to the objection that it charged the jury
that the deceased was not responsible for the same degree of care as was the
driver, because she was a guest.

The failure of a defendant railroad company to ring the locomotive bell or blow
the whistle on approaching a crossing, is not negligence as matter of law, but
the question is one of fact for the jury, under all the circumstances of the
case.

APPEAL by the defendant, the New York Central and Hudson
River Railroad Company, from a judgment of the Supreme Court,
in favor of the plaintiff, entered in the office of the clerk of Sche-
nectady county on the 23d day of April, 1892, upon a verdict ren-
dered at the Schenectady Circuit, and from an order denying the
defendant's motion for a new trial made upon the minutes.

The action was brought to recover the damages sustained by the
next of kin of Kate M. Sauerborn, by reason of her death, alleged
to have been caused by the negligence of the defendant railroad
company at a highway crossing.

*S. W. Jackson,* for the appellant.

*Daniel Naylon, Jr.,* and *Alonzo P. Strong,* for the respondent.

PUTNAM, J. :

The legal questions involved in this case have been so often considered that we deem an extended discussion unnecessary.

The appellant contends that the judgment cannot be sustained because plaintiff failed to show the absence of contributory negligence on the part of the deceased, and also because of certain exceptions to the charge of the trial judge, and his refusal to charge.

It is well settled that it is only in exceptional cases that a nonsuit can be granted on account of the contributory negligence of the party injured. It is only where it clearly appears from all the circumstances or is proved by uncontroverted evidence that the party injured has, by his own acts or neglect, contributed to the injury, that the court can take the case from the jury. (*Massoth* v. *The D. & H. C. Co.,* 64 N. Y. 529.)

We have carefully examined and considered the testimony in the case and are of opinion that this was not one of those exceptional instances where the trial judge could properly have withdrawn the question as to the contributory negligence of deceased from the jury.

There was evidence tending to show that Miss Brown and deceased when approaching the track where the accident occurred exercised unusual care, stopping twice, listening and looking up to the time the wagon wheels reached the track; also there were freight trains on tracks 3 and 4, one going east and the other west, which obstructed the view easterly. The testimony in connection with other evidence in the case rendered it probable that deceased was not guilty of negligence in failing to observe the passenger train on track No. 2 which caused her death.

The question was not whether the deceased *could* have seen said passenger train, but whether under the circumstances *she was negligent* in not seeing it. (*Greany* v. *L. I. R. R. Co.,* 101 N. Y. 424, 425.)

After they reached the railroad tracks it cannot be deemed *as matter of law* negligence on the part of Miss Brown to attend to her horse while driving over them. (*Moore* v. *N. Y. C. & H. R. R. R. Co.,* 49 N. Y. St. Repr. 516–520.)

Besides, the evidence indicated that while they were so crossing deceased was looking for approaching trains.

It is claimed that the court erred in charging the jury that deceased was not responsible for the same degree of care as was Miss Brown, because she was a guest. The charge in this regard we think correct. The judge said: " Here was a four-track road, and it behooved them to take extraordinary pains to prevent being on the track at the time when a train was going along, and thus prevent a collision. Miss Sauerborn had the duty imposed upon her to aid her companion in all ways a person riding in a vehicle should do, by looking and by suggestion, and by assistance to prevent any injury to either of them by a collision with a train." The instructions .given, as a whole were unobjectionable. (See *McCaffrey* v. *The D. & H. C. Co.*, 41 N. Y. St. Repr. 223.)

The charge in regard to defendant's failing to ring the bell or blow the whistle was not erroneous. The jury were instructed that as a matter of law it was not negligence to omit these signals. It was submitted to the jury as a question of fact whether, under all the circumstances of the case, such signals should have been given by the defendant.

The defendant was not, we think, entitled to have the jury instructed *as a legal proposition* that the failure of the defendant to ring the bell or blow a whistle when approaching the crossing where deceased was killed would not constitute a wrong or negligence of the defendant. Whether it would or not was a question of fact for the jury.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.