EDWARD MEAGHER, Appellant, *v.* THE COOPERSTOWN AND CHARLOTTE VALLEY RAILROAD COMPANY, Respondent.

*Injury to a child — what constitutes negligence on the part of the father or mother — what, on the part of the railroad.*

In an action brought by a father to recover the damages resulting from injuries to a child, about nineteen months old, caused by the latter's being struck by a train while on the track of a railway, it was shown that the child was left by the father in the custody of its mother, who, while attending to her household work, assisted by her sister, sent the child into the yard, which was near the railroad of the defendant, where the mother's sister was then at work, and that the child wandered onto the track of the defendant's road about 190 feet distant and was injured about five minutes after leaving the house.

*Held,* that the question of contributory negligence on the part of the plaintiff should have been submitted to the jury;

That it is not negligence *per se* for the father of a child to leave the child in the care of its mother, nor, assuming the father to be responsible for the acts of his wife, as a matter of law, is she guilty of contributory negligence in permitting her child to go into the yard with one who is accustomed to care for it;

That a mother is only required to exercise a reasonable degree of care, and whether she exercises such care or not is a question for the jury;

That evidence of experts to show the distance in which a train could be stopped should be admitted, as bearing upon the question of negligence on the part of the defendant, it being possible that had the engineer made proper efforts to do so he could have stopped the train in the distance between the place where he was when he first saw the child upon the track and the spot where the child was.

*Quære,* whether the failure of the railway company to maintain the bars of a fence at the crossing over its railroad should be considered in such a case upon the question of defendant's negligence.

APPEAL by the plaintiff, Edward Meagher, from a judgment of the Supreme Court dismissing the complaint, entered in the office of the clerk of the county of Otsego on the 10th day of June, 1893, with notice of an intention to bring up for review upon such appeal an order denying a motion for a new trial, entered in said clerk's office on the 9th day of June, 1893.

*W. H. Johnson,* for the appellant.

*E. M. Harris,* for the respondent.

MARTIN, J.:

This action was to recover damages which the plaintiff sustained by reason of an injury to his infant child. The basis of the action

was the alleged negligence of the defendant. The plaintiff, with his wife and daughter, who, at the time of the accident, was about nineteen months of age, resided in a house in front of which there was a public highway, and in the rear was the defendant's railroad. There was a private or farm crossing over the defendant's road, used for the purpose of passing from the premises occupied by the plaintiff to the other portions of the farm, of which the premises occupied by him formed a part.

The plaintiff at the time his daughter was injured was absent from his house, attending to the duties of his employment. The child was left in the care and custody of its mother, who was attending to her household work, in which she was assisted by Mrs. Smith, her sister. Mrs. Smith started to go out doors to get some kindling wood, when the mother took the child from the chair in which she was sitting, and told her to go with her aunt, which she did. Unobserved by her aunt, and while she was engaged in splitting kindling wood, the child wandered onto the track of the defendant's road, which was about 190 feet distant, and was injured by one of its trains. The accident occurred at or near the crossing, and within five minutes of the time when the child went out of the house.

The evidence tended to show that the defendant failed to keep its bar-way at this crossing, which formed a part of its railroad fence, in a proper state of repair; that the first and second bars from the ground had been removed, and had not been in place for a considerable period of time; that the child passed through the bar-way in going onto the track; that the train stopped at Wilson's Crossing, which was about 2,400 feet from the place of the accident; that the train approached the crossing where the accident occurred at the speed of thirty-one miles an hour; that the crossing was plainly visible for the distance of 1,250 feet before it was reached; that the day was bright and clear, and the track in good condition; that the train was light, consisting of an engine, baggage car and one coach only; that the engineer saw the child when about 600 feet from her.

At the trial the plaintiff offered to prove that Mrs. Smith had been accustomed to care for this child. This evidence was objected to, and excluded upon the theory that it was of no consequence. The plaintiff also offered to prove the distance within which such a

train could be stopped, which was excluded upon the sole ground that it was a matter upon which expert evidence could not properly be received. To this ruling the plaintiff excepted.

At the close of the evidence the defendant moved for a nonsuit on the grounds that the plaintiff had failed to establish negligence on the part of the defendant; that the plaintiff and his wife were guilty of contributory negligence, and that the plaintiff could not maintain this action as father of the child. Thereupon the court said: "There is only one question that you need to consider, Mr. Johnson, and that is the negligence of the plaintiff, or at least the negligence of the mother and Mrs. Smith. The testimony is in that regard, of Mrs. Smith, that the child's mother said to Mrs. Smith: 'Go out with Aunt Annie.' She did go out with Aunt Annie, and Aunt Annie commenced splitting up kindling wood from a board, and testified that she forgot about the child and did not notice that it got away from her. Now, how can you reconcile that with the absence of contributory negligence. Nonsuit granted." To this decision the plaintiff duly excepted. The plaintiff asked to go to the jury upon the whole evidence in the case, and especially upon the question of contributory negligence and the negligence of the defendant. This was denied and the plaintiff excepted.

It is manifest that the court nonsuited the plaintiff upon the express ground that he, or rather his wife, was guilty of negligence which contributed to the injury of the child, and, hence, the plaintiff could not recover in this action. The question here presented then is, was it negligence *per se* for the father of this child to leave it in the care and custody of its mother, or if it be admitted that he was responsible for the acts of his wife, or that the question of contributory negligence was dependent upon her conduct, then can it be held, as a matter of law, that the mother was guilty of contributory negligence in permitting her child to go into the dooryard with its aunt, who was a married woman, mature in years, and who the plaintiff offered to prove was accustomed to care for this child? We think not. The child was not *sui juris*, and, hence, not chargeable with negligence. (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455; *Fallon* v. *Central Park, N. & E. R. R. R. Co.*, 64 id. 13; *Stone* v. *Dry Dock, etc., R. R. Co.*, 115 id. 104, 109.) The mother

was required only to exercise such a degree of care as was reasonable under the circumstances and in her situation. Under the evidence whether she exercised such reasonable care was a question of fact. Indeed, if the plaintiff was chargeable with the acts or omissions of Mrs. Smith, the question would still be one of fact to be submitted to the jury. (*Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 N. Y. 147; *Birkett* v. *Knickerbocker Ice Co.*, 110 id. 504, 507; *Kunz* v. *City of Troy*, 104 id. 344; *Ames* v. *Broadway & Seventh Ave. R. R. Co.*, 56 N. Y. Super. Ct. 3.)

In the *Weil* case the plaintiff, a child two years old, was left in charge of her father in his bakery. While she was behind the counter he proceeded to make some entries in his books, when she went out of the door and was run over by a street car. All this happened within ten or fifteen minutes after plaintiff's mother had left her with her father. The plaintiff was nonsuited on the ground of her parents' negligence, and it was held error, and that the father was only required to exercise such a degree of care as was reasonable in his situation and under all the circumstances, and whether he did so was a question for the jury.

In the *Birkett* case it was held that it was not negligence, as a matter of law, for the parents of a bright child four and one-half years old, living in a crowded locality in a city, with no other place for amusement, to permit the child, with proper instructions and directions against going into the street, to play upon the sidewalk without an attendant, and that whether it was negligence under the peculiar circumstances was a question of fact for the jury.

In the *Kunz* case it was held that it was not *per se* negligence on the part of a parent to permit a child *non sui juris* to play in the street, and that it was a question of fact for the jury to determine whether the father was guilty of negligence.

In the *Ames* case a mother allowed the plaintiff, an infant five years of age, to play in a court having near and easy means of access to a street, telling her not to leave the door. The infant went into the street and was injured through the negligence of the defendant's servant. It was held that the question whether or not this permission to the infant to play in the court, without continued supervision or protection against her going outside the court into the street, was negligence on the part of the mother, was properly

submitted to the jury. Further illustrations of the doctrine of the cases cited may be found in the following cases : *Prendegast* v. *N. Y. C. & H. R. R. R. Co.* (58 N. Y. 652); *Ihl* v. *Forty-second Street, etc., R. R. Co.* (47 id. 317); *Bahrenburgh* v. *Brooklyn City, H. P. & P. P. R. R. Co.* (56 id. 652); *Mullaney* v. *Spence* (15 Abb. Pr. [N. S.] 319); *Cosgrove* v. *Ogden* (49 N. Y. 255); *Jetter* v. *N. Y. & H. R. R. Co.* (2 Abb. Ct. App. Dec. 458); *Downs* v. *N. Y. C. R. R. Co.* (47 N. Y. 83); *P., A. & M. R. R. Co.* v. *Pearson* (72 Penn. St. 169); *Walters* v. *C., R. I. & P. R. Co.* (41 Iowa, 71); *N. & P. R. R. Co.* v. *Ormsby* (27 Gratt. 455); *Baltimore City P. R. R. Co.* v. *McDonnell* (43 Md. 534); *Government Street R. R. Co.* v. *Hanlon* (53 Ala. 70); *East Saginaw City R. R. Co.* v. *Bohn* (27 Mich. 503); *Railroad Company* v. *Stout* (17 Wall. 657); *Hydraulic Works Co.* v. *Orr* (83 Penn. St. 332); *Railroad Company* v. *Gladmon* (15 Wall. 401).

The general rule is that contributory negligence is a question of fact, and should be left to the jury, unless it so clearly appears from the circumstances or uncontradicted evidence as to leave no inference of fact in doubt. It is only in very exceptional cases that it can be adjudged as a necessary legal conclusion from the facts found. (*Thurber* v. *Harlem, B., M. & F. R. R. Co.*, 60 N. Y. 326; *Massoth* v. *D. & H. C. Co.*, 64 id. 529; *Sauerborn* v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 429.) We are of the opinion that under the evidence the question of contributory negligence was a question of fact, and that the trial court erred in not submitting that question to the jury.

Whether the defendant's omission to properly maintain the barway at the farm crossing could be considered in this case upon the question of the defendant's negligence is not free from doubt. In *Keyser* v. *C. & G. T. R. R. Co.* (56 Mich. 559) it was held that a railroad company's neglect to fence its track was for the jury to consider as bearing upon its liability for an injury done to a child who got upon the track in consequence thereof. (See, also, *Marcott* v. *Marq., Hought. & Ont. R. R. Co.*, 47 Mich. 9; *Morrissey* v. *Providence & Wor. R. R. Co.*, 15 R. I. 271.) A contrary doctrine seems to have been held in *Walkenhauer* v. *C., B. & Q. R. Co.* (17 Fed. Rep. 136) and *Fitzgerald* v. *St. Paul, M. & M. Ry. Co.* (29 Minn. 336). But be that as it may, we think the question of

the defendant's negligence should have been submitted to the jury. Obviously, such was the opinion of the trial judge, as he nonsuited upon the express ground of contributory negligence, and stated that it was the only question the plaintiff need discuss. As we have already seen, there was evidence that the train stopped 2,400 feet from the place of the accident; that it approached the crossing at the rate of thirty-one miles an hour; that the crossing was in plain sight for 1,250 feet; that the train was a light one, the track in good condition and the day bright, and that the engineer saw the child when 600 feet distant from her. Moreover, the plaintiff offered to prove the distance within which such a train could be stopped. If this evidence had been admitted it might have shown that if the engineer had made a proper effort the train could have been stopped before reaching the child after he discovered her, and that she was too young to be conscious of the danger to which she was exposed. With this evidence in the case the question of the defendant's negligence would be one of fact, and should be submitted to the jury. (*Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y. 164; *Spooner* v. *D., L. & W. R. R. Co.*, 115 id. 22.) We think that that evidence was admissible and that the court erred in holding that expert evidence upon that subject could not be given. (*Mott* v. *H. R. R. Co.*, 21 N. Y. Super. Ct. [8 Bosw.] 345; *Eckert* v. *St. Louis, I. M. & S. Ry. Co.*, 13 Mo. App. 352; *Augusta & S. R. R. Co.* v. *Dorsey*, 68 Ga. 228, 235; *Grimmell* v. *C. & N. Ry. Co.*, 73 Iowa, 93; Wharton on the Law of Ev., § 444.)

These views lead us to the conclusion that the judgment should be reversed and the plaintiff awarded a new trial, when all the evidence bearing upon the question of the defendant's negligence can be presented.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.