CHARLES J. MAMMERBERG, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1895.

1. **Witness**: COMPETENCY OF EXPERT. The determination of the time or distance under which a given train under given circumstances can be stopped, involves technical knowledge and experience; and a witness who has no such knowledge or experience in running trains is not competent.

2. **Evidence**: EXPERT: HYPOTHETICAL QUESTIONS. Before the opinion of an expert can be admitted, the hypothetical questions must embody substantially all the facts relating to the subject. The hypothesis of certain questions propounded to a witness, is *held* incompetent for the want of comprehensiveness and not calling for the opinion of the witness under circumstances and conditions similar to those disclosed in the evidence.

3. **Damages**: MEASURE OF: PREJUDICIAL INSTRUCTION. It is erroneous to instruct the jury in assessing damages to consider the loss of time where there is no evidence showing what the plaintiff had earned or might earn; and without such evidence such instruction materially affects the merits.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*James Black* and *Pratt, Ferry & Hagerman* for appellant.

(1) It was error for the court to admit non-expert testimony on the question as to the distance in which a cable train could be stopped *Gourley v. Railroad,* 35 Mo. App. 92; *Eckert v. Railroad,* 13 Mo. App. 352; *Maher v. Railroad,* 64 Mo. 276; *Czezewzka v. Railroad,* 121 Mo. 212; Rogers on Expert Testimony, p. 237; *Grinnell v. Railroad,* 73 Iowa, 93, 34 N. W. Rep. 758. (2) Testimony was admitted over the objection of defendant in regard to the distance in which a cable train could be stopped without stating circumstances and conditions similar to the case before the court. This was error. *Gourley v. Railroad,* 35 Mo. App. 95; *Senn v. Railroad,* 108 Mo. 142; *Turner v. Haar,* 114 Mo. 345. (3) Instruction numbered 2 given for plaintiff was erroneous in that it told the jury, among other things, that "in assessing his damages, you may take into consideration the physical pain and mental anguish suffered; his loss of time, if any, he is likely to suffer in the future as the direct result of said injury," there being no evidence of what plaintiff had earned in his business or might earn in the future. *Slaughter v. Railroad,* 116 Mo. 269 (275); *Smith v. Railroad,* 108 Mo. 251; *Duke v. Railroad,* 99 Mo. 347 (351); *Culberson v. Railroad,* 50 Mo. App. 556; *Rhodes v. Nevada,* 47 Mo. App. 499; *O'Brien v. Loomis,* 43 Mo. App. 29; *Morrison v. Yancy,* 23 Mo. App. 670; *Winter v. Railroad,* 74 Iowa, 448, 38 N. W. Rep. 154; *Railroad v. Simcock,* 17 S. W. Rep. (Tex.) 47; *Britton v. Railroad,*

51 N. W. Rep. (Mich.) 276; *Leeds v. Gas Co.*, 90 N. Y. 26; *Staal v. Railroad*, 107 N. Y. 625; *Wood v. Watertown*, 11 N. Y. S. 864.

*Hollis & Lithgow* for respondent.

(1) This case was tried on the admission of plaintiff's negligence, and is *stare decisis* in this state. *White v. Railroad*, 34 Mo. App. 57. The instruction complained of, while it has been condemned in cases which were reversed for other reasons, could not have injured the defendant in the case. It seems to us that section 2303, Revised Statutes, 1889, settles this case. (2) Where the verdict is warranted by the evidence, the courts will not reverse for erroneous instruction on measure of damages. *Blewett v. Railroad*, 72 Mo. 585; *Chinn v. Davis*, 21 Mo. App. 363; *Murray v. Railroad*, 101 Mo. 239; *Slaughter v. Railroad*, 116 Mo. 269; *Duke v. Railroad*, 99 Mo. 347; *Dunn v. Railroad*, 21 Mo. App. ——; *Culberson v. Railroad*, 50 Mo. App. 560.

SMITH, P. J.—This is an action which was brought to recover damages for personal injuries alleged to have been inflicted by reason of the negligence of the defendant. There was a trial and judgment for plaintiff, and from the latter the defendant appealed.

The evidence indisputably showed that the plaintiff negligently placed himself in a position of danger on the defendant's street railway track. And the pivotal issue of fact to be left to the jury was whether, after the actual danger of defendant appeared, the gripman of the car which injured defendant, by the exercise of ordinary care, could have stopped the same and avoided the injury. As to what distance the defendant's train was from the plaintiff at the time the defendant's gripman first discovered, or might, by the exercise of

ordinary care, have discovered, the plaintiff's perilous situation, and that he was paying no attention to the advancing train, and would not, or could not, get out of the way, was a question for the jury to determine from all the evidence, which was by no means harmonious. The jury, under the evidence, might have found this distance to have been anywhere from six to sixty feet. Whether the gripman, by the exercise of ordinary care, could have stopped the train within that distance (whatever the jury found it to be) was a very pertinent and material question. Just within what distance a street railway train might be stopped in a given case, is a question that would depend upon many circumstances and conditions; such, perhaps, as its speed, grade of the track, size and weight of the train, and the brakes used and the like. These circumstances and conditions are not within the knowledge of ordinary men, and the question is, therefore, a subject of expert testimony. It would be most unreasonable to suppose that the judgment of a witness on such subject, who had no practical knowledge or experience in running trains, or never had given the subject special study and investigation, would be worth more than that of the triers of the fact themselves. Persons who, by residing on a street railway line, and by frequently noticing the movement of trains thereon, may acquire a general knowledge on the subject, but a correct and reliable judgment can only be obtained by some practical experience. It is obvious that the question as to the time or distance under which a given train, under a given number of circumstances, can be stopped, is one which involves technical knowledge and experience. *Gourley v. Railroad*, 35 Mo. App. 92; *Maher v. Railroad*, 64 Mo. 276; *Czezewzka v. Railroad*, 121 Mo. 212; *Grinnell v. Railroad*, 73 Iowa, 93; Rogers' Expert Testimony, 237.

And, before the opinion of an expert can be admitted, the hypothetical question to which it is a response must embody substantially all the facts relating to the subject. An opinion based upon a partial statement of the facts would be of no value and is not' admissible. *Senn v. Railroad*, 108 Mo. 142; *Turner v. Haar*, 114 Mo. 335. And the facts embraced in the hypothesis must in every case be within the confines of the evidence. *Benjamin v. Railroad*, 50 Mo. App. 602.

The witness O'Neil testified that his business house was located on defendant's line of railway, nearly opposite the place where the plaintiff was injured; and had frequently noticed defendant's cars stopping along there. He had no experience whatever in running or operating railway trains of any kind. He was allowed to testify, over defendant's objection, as follows: "*Q.* Have you ever seen them stop in the length of a car? Have you ever seen them stop in ten or twelve feet? *A.* It depends on how fast they were going. *Q.* Have you ever seen them stop in that time? *A.* I have sometimes seen them stop very quick. *By the court:* At the rate of speed this car was going at that time? This car was run by cable. *A.* Yes, sir."

It is, therefore, plain to be seen that the witness just referred to was not qualified to give his opinions as an expert in relation to the subject-matter of the inquiries addressed to him. The hypothetical questions, if such they may be called, were not so framed as to call the attention of the witness to a particular train, the speed it was moving and the condition of the grade at the place where the injury occurred. The hypotheses of the question were not sufficiently comprehensive. Nor did such hypothetical questions call for the opinion of the witness under circumstances and conditions similar to those disclosed by the evidence in the case. According to the rules to which reference

has been made, this objectionable testimony should not have been admitted.

The defendant further objects that the plaintiff's second instruction, which, among other things, told the jury that in assessing the damages they might take into consideration the physical pain and mental anguish suffered, his loss of time, if any, he is likely to suffer in the future, as a direct result of the injury. In vain have we examined the record to ascertain what the plaintiff earned in his business, or might earn in the future. The record discloses nothing of the kind. It appears to be well settled that such an instruction is erroneous, unless there is evidence to support it. In such case, the jury have nothing before them upon which to found their conclusions. *Culberson v. Railroad*, 50 Mo. App. 556; *Rhodes v. Nevada*, 47 Mo. App. 499; *O'Brien v. Loomis*, 43 Mo. App. 29; *Slaughter v. Railroad*, 116 Mo. 269; *Smith v. Railroad*, 108 Mo. 251; *Duke v. Railroad*, 99 Mo. 347. We do not feel at liberty to hold that the errors committed are not such as materially affect the merits of the action. It would have been an easy matter for the plaintiff to have introduced some evidence of the earnings in his business, before he was hurt, but of this there is no intimation.

The judgment will be reversed and cause remanded. All concur.