[No. 1.]

JOSEPH H. BECKWITH, AN INFANT, BY JOHN H. BECK-
    WITH, HIS GUARDIAN, RESPONDENT, *v.* NEW YORK
    CENTRAL AND HUDSON RIVER RAILROAD COM-
    PANY, APPELLANT.

[No. 2.]

JOHN H. BECKWITH, AS ADMINISTRATOR, ETC., OF WALTER
    BECKWITH, DECEASED, RESPONDENT, *v.* NEW YORK
    CENTRAL AND HUDSON RIVER RAILROAD COM-
    PANY, APPELLANT.

*Negligence—failure to see an approaching train—what circumstances tending to
explain such failure do not justify the court in taking the case from the jury—
absence of contributory negligence.*

An action was brought against a railroad company to recover damages resulting
    from an accident which occurred at the intersection of its tracks with Peterboro
    street, in the village of Canastota. There were five tracks, consisting of a side
    track on the north, and four other tracks, numbered from the north, 4, 3, 2, 1,
    which were straight for about one mile and a half west of this crossing. The
    plaintiff, who lived near and was familiar with the crossing, at ten o'clock, on
    the evening of the day on which the accident occurred, approached, with his
    brother, the crossing from the north, and stopped about twenty feet from track
    No. 4, while a train was passing to the west on track No. 3. When that train
    had passed they walked onto track No. 4 and were struck by an east-bound
    train. There was a head-light on the engine and the train was moving about
    twelve miles an hour. From a point in the center of the side track the view
    west on track No. 4 was unobstructed for the distance of 635 feet; from the
    point between the side track and track No. 4 it was unobstructed for about
    two miles.

On the trial the defendant moved for a nonsuit on the ground that the evidence
    was insufficient to authorize the submission of the question of the plaintiff's
    negligence and the defendant's freedom from contributory negligence to the
    jury. The motion was denied, an exception was taken, and the plaintiff
    obtained a verdict.

The plaintiff testified that he looked both ways before he attempted to cross the
    defendant's track, and that he neither saw nor heard the approaching train.
    The evidence showed that the night was dark and hazy; that an engine with
    a head-light stood near the crossing; that there were several switch-lights in the
    vicinity; that the train that had passed was making considerable noise, and that
    there were several lights in the rear of the caboose, and was conflicting upon
    the question whether the engine whistle was blown and the bell rung.

*Held,* that, upon this evidence, the court could not have properly held, as a matter of law, that the plaintiff's failure to see and avoid the train was such contributory negligence on his part as would release the defendant from its liability for negligence.

*How shown where the injured party has died.*

The evidence and facts in the second above-entitled case were substantially identical with those in the first case of Joseph H. Beckwith, by his guardian, except that in this second case the plaintiff's intestate, having been killed, could not testify, and there was, therefore, no direct evidence that the decedent looked or listened before attempting to make this crossing.

There was, however, proof that the decedent was about thirteen years of age; that he was in company with his elder brother; that his brother looked both ways before attempting to cross; that neither seeing nor hearing the approaching train he told the decedent to "come on," and they hurried across.

*Held,* that there were facts and circumstances which, at least, tended to show that the accident might have occurred without the negligence of the decedent, and that it was for the jury to say what inferences should be drawn from the facts and circumstances disclosed by the evidence.

APPEAL by the defendant, in the first above-entitled action, from a judgment recovered at the Oneida Circuit, which was entered, on the verdict of a jury for $500, in the office of the clerk of Oneida county on the 21st day of March, 1889, and from an order, dated March 15, 1889, denying a motion, made by the defendant upon the minutes of the justice presiding at the trial, for a new trial.

Also, in the second above-entitled action, an appeal by the defendant from a judgment recovered at the Oneida Circuit, on the verdict of a jury for $3,000, which was entered in the office of the clerk of Oneida county on the 21st day of March, 1889, and from an order denying a motion for a new trial made upon the minutes of the justice presiding at the trial.

*C. D. Prescott,* for the appellant.

*S. Cromwell,* for the respondent.

MARTIN, J.:

On the 25th day of February, 1888, Joseph H. Beckwith was injured by a passing train on the defendant's road at its intersection with Peterboro street in the village of Canastota, N. Y. The defendant's road runs east and west through the village and at right angles with Peterboro street. Its tracks are straight for about a

mile and a half west of this crossing. There was a side track on the north, and from that direction the defendant's through tracks were in the following order: First, No. 4; second, No. 3; third, No. 2; and fourth, No. 1. South of the defendant's road was the track of the Elmira, Cortland and Northern Railroad. The plaintiff lived near and was familiar with this crossing.

At about ten o'clock on the evening of this accident, the plaintiff and his brother approached the crossing from the north and stopped about twenty feet from track No. 4, while a train was passing to the west on track No. 3. When that train had passed they walked onto track No. 4 and were struck by an east-bound train. There was a head-light on the engine. The train was moving at about twelve miles an hour. From the center of the side track the view west on track No. 4 was unobstructed for a distance of about six hundred and thirty-five feet. From a point between the side track and track No. 4 it was unobstructed for about two miles. The night was cloudy, hazy and dark. A switch engine, upon which there was a head-light burning, stood on the side track west of and facing the crossing. There were also several switch-lights near. The train going west on track 3 was a long one and made considerable noise.

On the trial the defendant moved for a nonsuit on the ground that the evidence of the defendant's negligence and plaintiff's freedom from contributory negligence was insufficient to authorize the submission of those questions to the jury. The motion was denied, and an exception taken. The plaintiff had a verdict. The defendant now asks for a reversal of the judgment and order denying a new trial, on the ground that the court erred in denying its motion for a nonsuit. Thus the question presented for review by this court is, whether there was sufficient evidence of the defendant's negligence and plaintiff's freedom from contributory negligence to justify the submission of those questions to the jury.

The negligence imputed to the defendant was, that it failed to sound the whistle or ring the bell upon its engine, as the train approached this crossing. On the trial several witnesses, who were at or near the crossing at the time, testified that no whistle was sounded nor bell rung. The defendant's witnesses testified that the whistle was blown for the station and the bell was rung for

about eighty rods before reaching the crossing. Upon this proof we think the question whether the defendant was negligent in omitting to ring its bell or sound its whistle was a question of fact, and properly submitted to the jury.

A more difficult question is, whether there was sufficient proof of the plaintiff's freedom from contributory negligence. The burden of showing affirmatively, either by direct evidence or by surrounding circumstances, that the plaintiff was free from contributory negligence was upon the plaintiff. (*Tolman* v. *Syracuse, Binghamton and New York R. R. Co*, 98 N. Y., 203.) But where there is any evidence, direct or inferential, of care or caution on the part of the person injured, the question of contributory negligence is for the jury. (*Greany* v. *Long Island R. R. Co.*, 101 N. Y., 419.) As was said by RUGER, Ch. J. : "The question is, whether the injured party, under all the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. This rule must in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact for the jury." (*Parsons* v. *N. Y. C. and H. R. R. R. Co.*, 113 N. Y., 364.)

In this case the plaintiff testified that he looked both ways before attempting to cross the defendant's track, that he neither saw nor heard the approaching train. The evidence also discloses that the night was dark and hazy ; that an engine with a head-light burning stood near and facing the crossing ; that there were several switch-lights in the neighborhood ; that the train that had passed was making considerable noise, and there were several lights on the rear of the caboose. With this proof we do not think the court could have properly held, as a matter of law, that the plaintiff's failure to see and avoid this train was such contributory negligence on his part as would release the defendant from liability for its negligence. (*Greany* v. *Long Island R. R. Co.; Parsons* v. *N. Y. C. and H. R. R. R. Co.*, *supra ; Sherry* v. *N. Y. C. and H. R. R. R. Co.*, 104 N. Y., 652.) We are of the opinion that the defendant's motion for a nonsuit was properly denied.

We have examined the other exceptions in the case to which our attention has been called, but have found none that require special

consideration or that disclose any error that would justify a reversal of the judgment.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.

---

CASE No. 2.

MARTIN, J.:

The evidence and facts in this case are substantially identical with those in the case of Joseph H. Beckwith, by his guardian, against the defendant, which was submitted at the same time with this case, except that in that case the plaintiff testified that he looked both ways before attempting to cross defendant's tracks, and neither heard nor saw the approaching train, while in this case the plaintiff's intestate was killed and could not testify. In the case at bar there was no direct evidence that the decedent looked or listened before attempting to make this crossing. There was, however, proof that the decedent was about thirteen years of age; that he was in company with his older brother; that his brother looked both ways before attempting to cross; that not seeing or hearing the approaching train, he told the decedent to "come on," and they hurried across.

The only question we need specially consider in this case is, whether, in the absence of direct proof that the decedent looked and listened before attempting to cross defendant's track, the plaintiff so far failed to show that his intestate was free from contributory negligence as to require the trial court to hold, as a matter of law, that the plaintiff was not entitled to recover.

In *Tolman* v. *Syracuse, Binghamton and New York Railroad Company* (98 N. Y., 203), FINCH, J., in delivering the opinion of the court in that case, said : " The burden of establishing affirmatively freedom from contributory negligence, may be successfully borne, though there were no eye-witnesses of the accident, and even although its precise cause and manner of occurrence are unknown. If, in such case, the surrounding facts and circumstances reasonably indicate or tend to establish that the accident

might have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or willful disregard of personal safety, and so a question of fact may arise to be solved by a jury, and require a choice between possible but divergent inferences."

In this case there were facts and circumstances which at least tended to show that the accident might have occurred without the negligence of the decedent; and we think it was for the jury to say what inferences should be drawn from the facts and circumstances disclosed by the evidence. (*Newell* v. *Ryan*, 40 Hun, 286, 290; *Palmer* v. *N. Y. C. and H. R. R. R. Co.*, 112 N. Y., 234, 243.) An examination of the defendant's exceptions, as to the admission of evidence and to the judge's charge, has failed to disclose any error which requires a reversal of this judgment or that would seem to require special discussion.

We think the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed with costs.