### SCHMIDT *v.* STEINWAY & H. P. R. CO.

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

HORSE AND STEET RAILROADS—NEGLIGENCE OF DRIVER.

Evidence that a street-car driver who knew that work was in progress in a sewer, near the car track, knowingly drove against an iron sewer-pipe which stood alongside the sewer, and caused it to fall therein, without looking to ascertain if any one was in the sewer, shows negligence, and it is immaterial that some person beckoned to him to continue, and that the car company relied on the sewer contractor to notify his workmen when cars approached.

Appeal from circuit court, Kings county.

Action by Otto Schmidt against the Steinway & Hunter's Point Railroad Company for personal injuries. An iron sewer-pipe had been standing alongside a sewer, which was parallel with, and but a few inches from, defendant's track, and a driver of one of defendant's horse cars drove against it, and knocked it into the sewer, and upon plaintiff, who was at work therein. The complaint was dismissed, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*M. L. Towns,* for appellant. *Foster & Foster,* (*W. J. Foster,* of counsel,) for respondent.

PRATT, J. Defendant's counsel are quite correct in their contention that the burden of proving negligence rests upon the plaintiff, but we are not able to agree with them that negligence was not shown. The testimony shows that the pipe was standing in full sight of the driver, and was in fact seen by him before he drove against it. He was aware of the work in progress, and it was his duty to guard against injuring the employes. Of that he was conscious, and stopped his car, but his caution did not go so far as to be effectual. Had he looked into the sewer, which would not have required any appreciable time or trouble, he would have seen the plaintiff, and doubtless would have given him warning to remove. Clearly he should not have driven against the pipe, unless he knew no one was below it to be injured by its fall. His negligence in so doing is too clear to require argument. The excuse given for his going on, viz., that some one beckoned to him, does not help defendant. That may serve to show that another person was also negligent, but, where the negligence of two persons concur to cause an injury, neither person is excused; both are liable. *Colegrove* v. *Railroad Co.,* 20 N. Y. 492. The driver could not excuse himself for not using due care, on the ground that he relied upon some other person to do it. Defendant's counsel suggest that the person who beckoned to the driver was probably an employe of the contractor who was building the sewer. If that were so, it would have no legal importance in this action. The negligence of a co-employe might prevent plaintiff from recovering against the common employer, but it is well settled it will be no defense in an action against another person. *Perry* v. *Lansing,* 17 Hun, 34; *Young* v. *Railroad Co.,* 30 Barb. 229. But we think the evidence tends to show, and, if not contradicted or explained, established, that the person who gave the word to the driver to proceed was an employe of defendant, for whose negligence it is, of course, responsible. It seems he was not of the sewer party, and the fact that the drivers obeyed his orders is evidence that he was in authority over them. If he was

not, it is entirely clear they should not have acted upon his orders. We think, as argued by plaintiff's counsel, that defendant could not relieve itself of the duty to conduct its business safely; and that, if it relied upon the contractor to notify his men when cars approached, it did not thereby relieve itself from liability. Judgment reversed, and new trial ordered, costs to abide event. All concur.