### SCHMIDT *v.* STEINWAY & H. P. R. Co.

(*Supreme Court, General Term, Second Department.* February 12, 1890.)

Appeal from circuit court, Kings county.

Action by Otto Schmidt against the Steinway & Hunter's Point Railroad Company for personal injuries. The complaint was dismissed, and plaintiff appeals. For opinion of Mr. Justice PRATT, and statement of facts, see 8 N. Y. Supp. 664.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*M. L. Towns,* for appellant. *Foster & Foster,* (*W. J. Foster,* of counsel,) for respondent.

BARNARD, P. J., (*concurring.*) The case as proven was one for the jury. The complaint avers that the defendant's driver drove one of its cars carelessly against a pipe, which fell into an excavation in which the plaintiff was working. The pipe fell on him, and seriously injured him. The evidence shows that a sewer was being excavated along-side of the defendant's track for about 200 feet, and then turned across the track of the railroad company. On the 1st of June, 1888, at evening, the sewer workmen were guarding the track for the night. This was done by placing sewer-pipes on end, and placing plank on the upper end of the pipes. This guard extended for the length of three or four boards, for the case shows there were that number of pipes upright on the edge of the sewer. The defendant's driver stopped his team before he came to the first of the pipes. The man was told to go on by a man stationed at the excavation, who had been there for the four preceding days controlling the passage of the defendant's cars. It was proven that he was not one of the contractor's men who were excavating the sewer. It was proven that he had the right to signal the cars to move. The driver's evidence is rather baffling, but he states this fact distinctly. The company owed extreme vigilance in the management of its cars, and this duty was increased by the excavation. It should have placed a man there, if dangerous. A man was placed there by some one, and the conductor was informed of his right to control the cars in some way. The proof that the man apparently acted for the defendant, or was in its employ, as evidenced by his acts, was proper. It was too much to require the plaintiff to produce a witness to the contract of employment. A *prima facie* case was made out for the jury when it was proven that he acted for the railroad company. The defendant is then called upon for its defense. If the jury could find that the man was employed by the defendant, the company is liable for their servant who gave the signal for the cars to move when it was not safe to do so. The car struck the pipe, and threw it into the trench, and hurt the plaintiff. The judgment should therefore be reversed, and a new trial granted, costs to abide event.