JAMES M. PETRIE, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Personal injury at a railroad crossing — contributory negligence — conflicting evidence as to the obstruction of a traveler's view — repeal of section 7 of chapter 282 of Laws of 1854, requiring a bell or whistle to be sounded eighty rods before a crossing — error in a charge directly presented.*

Where, in an action against a railroad company to recover the damages resulting from a personal injury received by reason of a collision with an engine at a crossing, there was a conflict of evidence as to whether there were standing cars which obstructed the plaintiff's view in the direction in which he testified he looked when approaching the crossing, and from which the engine with which he collided came.

*Held,* that the question was one for the jury, and that a refusal to direct a nonsuit for contributory negligence was proper, there being some evidence of care on the part of the plaintiff.

The provision of section 7 of chapter 282 of the Laws of 1854, making it the duty of railroad companies to ring the engine bell or sound the whistle at least eighty rods before crossing a highway, having been repealed by chapter 593 of the Laws of 1886, an instruction in a charge to the jury, in an action against a railroad company for a personal injury, that the company was under obligation to ring its bell or sound its whistle at least eighty rods before reaching the crossing where the accident in question occurred, is an error, when such fact was an issue in the case, requiring the reversal of the judgment below, and the error is directly presented by a proper exception to the charge as made, and to the refusal of a

request to charge to the contrary, although notice was not directly called to the fact that the act of 1854 was repealed.

*Lewis* v. *New York, Lake Erie and Western Railroad Company* (123 N. Y., 496) and *Kane* v. *New York, New Haven and Hartford Railroad Company* (132 id., 160) distinguished.

The language used in the saving clause (§ 181) of the general railroad law of 1890 (chapter 565 of Laws of 1890) was not intended to continue in force or revive the provisions of that part of section 7 of chapter 282 of the Laws of 1854, which was repealed by chapter 593 of the Laws of 1886.

Section 421 of the Penal Code, which provides that a locomotive engineer shall be guilty of a misdemeanor if he fails to ring the bell or sound the whistle at least eighty rods from a highway grade crossing (except in cities), and to continue so to do, at intervals, until the highway is completely crossed, does not have the effect of imposing a duty upon the railroad corporation.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Herkimer county December 29, 1891, upon a verdict for the plaintiff for $1,850, rendered at the Herkimer Circuit, and from an order denying a motion for a new trial made upon the minutes.

Plaintiff was injured while crossing the tracks of the defendant at Bellinger street, the most westerly street in the village of Herkimer, which passes north and south across the tracks of the defendant, which run east and west, by a passenger train coming from the west at 11.44 A. M. of August 2, 1890.

*C. D. Prescott*, for the appellant.

*Devendorf & Smith*, for the respondent.

HARDIN, P. J.:

While the plaintiff was traveling along Bellinger street, situated in the westerly part of the village of Herkimer, with his team, on the north side of the defendant's tracks, he approached the fifth track and passed it, and passed over the fourth, third, second, and while passing over track number one his vehicle was struck, and he received the injuries complained of, and for which he recovered a verdict of $1,850. West of Bellinger street, and on the northerly side of defendant's road, freight cars were standing on a branch a short distance from the crossing. Some evidence was given tending

to show that when the plaintiff approached the crossing he looked to see whether there were any trains approaching from the west, and that discovering none, he drove upon the crossing, and when upon track number one he heard the shriek of a whistle of an engine coming from the west, and he then slapped his horses with the lines and they jumped, but with not sufficient force to clear the vehicle from the engine, and the plaintiff received the injuries mentioned in the evidence, and was rendered unconscious. Evidence was given tending to show that, in addition to the standing cars on the branch, there was a coal-shed, coal office, and hen-house, which may have obstructed the view of the plaintiff. There was some evidence given by the defendant to the effect that there were no cars then on the branch. There being a conflict as to whether the cars were standing on the track which obstructed the view as claimed by the plaintiff, that question was one for the jury. (*Bleyle* v. *N. Y. C. and H. R. R. R. Co.*, 11 N. Y. St. Rep., 585; S. C., affirmed, 113 N. Y., 626; *Sherry* v. *N. Y. C. and H. R. R. R. Co.*, 104 id., 652.) In *Greany* v. *The Long Island Railroad Company* (101 N. Y., 419), it was held, viz.: " Where, in such an action, there is any evidence, direct or inferential, of care or caution on the part of the person injured, the question as to contributory negligence is for the jury. While a person approaching a crossing is bound to make all reasonable efforts to see, that a careful prudent man would make in like circumstances, his failure to see an approaching train does not, of itself, discharge the company from liability for negligence on its part in omitting the statutory signal." In closing the opinion in that case, the learned judge, who delivered it, observed: " Whether she looked exactly at the right moment, or in each direction in proper succession, or from the place most likely to afford information, cannot be determined as matter of law, and whether, upon the whole and in view of all the surrounding circumstances, including the negligent conduct of defendant, she exercised due care, was a question which the trial court could not properly decide for itself, but was bound to submit to the jury as one which they alone could answer." Upon the whole evidence we are of the opinion that the question whether the plaintiff was guilty of contributory negligence or not was one for the jury, and that no error was committed in refusing to nonsuit the plaintiff.

(2) In the complaint it is averred that the train approached the crossing "at a speed of more than forty miles an hour, and without ringing a bell or blowing a whistle, and, without any negligence on the part of the plaintiff, run the said engine, locomotive and train of cars against the plaintiff, and striking plaintiff and plaintiff's wagon and team of horses, throwing plaintiff from the said wagon with great force, by reason all of which plaintiff was greatly injured," etc. Upon the trial evidence was given to show that the bell was not rung or the whistle sounded during the distance next westerly eighty rods from the crossing. In the course of the charge delivered by the learned trial judge, he observed : " There is one thing which it was its duty to do. One guard which the laws have provided for the public as against these great railway corporations as they come to highways is a provision that eighty rods, at least, from the point of the crossing they shall either sound a whistle and continue to sound it at intervals from that time until they reach the crossing ; or from this point, eighty rods away, they shall ring a bell and shall continue to ring it until the crossing is reached. That is an obligation on the part of this defendant. If the evidence satisfies you that this bell was not rung, then the defendant was guilty of omission of duty ; and if you can infer that it was the want of that sound which led the plaintiff to go on as he did, then you will have a right to find for the plaintiff." He also told the jury in a later portion of the charge as follows : "It is only in case you can find from the evidence (weighing it with and bringing to bear upon it your best judgment and conscience) that the bell was not rung that you can find for the plaintiff. If, in this case, after weighing the evidence carefully, you come to the conclusion that the bell is not sufficiently proved not to have been rung, then your verdict will be for the defendant." Near the close of the charge the defendant's counsel requested the court to charge as follows : " That the defendant was not bound by law to blow a whistle or sound a bell." This the court refused to charge, and to such refusal defendant duly excepted. At a later stage the defendant requested the court to charge " That the defendant was not bound by law to blow a whistle or sound a bell ; " this the court refused to charge, and to such refusal the defendant duly excepted. Thereupon the defendant excepted " to that part of the charge in which it is charged that the

defendant was under obligation to ring its bell or sound its whistle, at least, eighty rods when approaching this crossing."

Our attention is called to *Lewis* v. *New York, Lake Erie and Western Railroad Company* (123 N. Y., 496), in which case it was assumed that the statute of 1854 imposing upon railroad companies the duty of ringing a bell or blowing a whistle at eighty rods from a crossing and grade of the traveled public road, was repealed by the general repealing act of 1886. (Chap. 593 of the Laws of 1886.) And it is argued from that case that inasmuch as the attention of the trial judge in the case in hand was not called explicitly to the fact that such repealing statute had been passed, that the exceptions may be disregarded. In the Lewis case, while the court's attention was not called to the repeal of the provision, it was " conceded the original statute was in force," and the defendant during the trial of that case denied its application to the case then before the court. Under those circumstances it was held that the exception taken might be disregarded, and in the course of the opinion in that case, FINCH, J., says: "Whatever else may be said as to the purpose and effect of the exception, it is entirely clear that the existence of the statute was in no manner questioned or intended to be raised. Both court and counsel conceded its existence, and were quite excusable for not suspecting its repeal, and the sole controversy was as to its application to the road in question. There is, therefore, no exception to the charge which reaches the point now sought to be made." In the case before us no such concession was made, on the contrary the learned counsel for the defendant, by an affirmative request, and an exception taken to the refusal thereof, and by excepting to the language of the charge in respect to the ringing of the bell or sounding the whistle, as given, seems to have squarely availed himself of the position that the court was in error in regard to the law relating to the subject of ringing a bell or sounding a whistle.

In *Kane* v. *New York, New Haven and Hartford Railroad Company* (132 N. Y., 160; S. C., 43 St. Rep., 497) it appears that a request was made to the court to charge that the defendant was not bound, as a matter of law, either to ring its bell or to blow its whistle, and that the request was refused and an exception was taken. In that case the plaintiff did not claim that the defendant was liable because of its failure to ring a bell or sound a whistle, but the sole

ground of liability alleged in the complaint and proved on the trial was the mismanagement of the gates. Under such circumstances, it was said by the learned judge who delivered the opinion that, " whether the bell was rung, not having been made an issue on the trial, and the defendant's liability for the injury not being predicated upon the failure to ring a bell or sound a whistle, it was not error for the court to refuse to charge as requested." But, as we have seen in this case, the plaintiff relied upon the allegation in the complaint that the bell was not rung and the whistle was not sounded, and upon that allegation gave evidence from which the jury were asked to find that the defendant had been guilty of negligence, thus making this case different from the Kane case. Nor do we think the exceptions taken by the defendant can be disregarded because of section 421 of the Penal Code. That section imposes a burden or duty upon an engineer " driving a locomotive on any railway in this State," and provides that he shall be guilty of a misdemeanor if he " fails to ring the bell or sound the whistle upon such locomotive, or cause the same to be rung or sounded, at least, eighty rods from any place where such railway crosses a traveled road or street on the same level (except in cities), or to continue the ringing such bell or sounding such whistle at intervals, until such locomotive, and the train to which the locomotive is attached, shall have completely crossed such road or street." That statute differs quite essentially from the provisions of the Laws of 1854, which imposes a duty upon the corporation itself. (See chap. 282 of the Laws of 1854, § 7, p. 611.)

Chapter 593 of the Laws of 1886 repealed " the first paragraph of section 7 of chapter 282, namely, from the beginning of said section to and including the words ' by reason of such neglect.' " In chapter 565 of the Laws of 1890, that portion of chapter 282 of the Laws of 1854 embraced in sections 4 to 15, both inclusive, and sections 17 and 18, were repealed, and the language found in section 181 of the act of 1890 was not intended to continue in force or revive the provisions of that part of section 7 of the Laws of 1854, which was repealed by the statute of 1886. (See Session Laws of 1890, p. 1134.)

We think that part of the charge which instructed the jury that it was the duty of the railroad company to ring its bell or sound its whistle eighty rods before approaching the crossing in question,

to which an exception was taken, was erroneous, and that the exception presents an error requiring a reversal of the order and judgment.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.