FREDERICK W. PUFF, as Administrator of WILLIAM H. ERWAY, Deceased, Respondent, v. THE LEHIGH VALLEY RAILROAD COMPANY, Appellant.

| 71 | 577 |
| 79 | 549 |

*Negligence — personal injury — railroad crossing — evidence as to whether the locomotive bell was rung — questions of contributory negligence.*

In an action brought against a railroad company to recover the damages resulting from the death of the driver of a vehicle at a highway crossing, caused by a collision with a rapidly moving passenger train, several witnesses, on the part of the plaintiff, testified that they did not hear the locomotive bell ring when the train was approaching the crossing, and stated facts and circumstances explanatory of their opportunities for hearing it ring, and of determining whether it was rung, and one witness testified that the bell did not ring. Several witnesses, on behalf of the defendant, testified that the bell was rung.

*Held,* that, under the evidence in the case, it was not error to submit to the jury the question whether the omission to ring the bell, if it existed, constituted, under the circumstances, negligence on the part of the defendant.

Where, from the nature of the circumstances, the demonstration cannot be made absolutely certain, contributory negligence on the part of a person killed by a passing train, at a highway crossing, in not looking and seeing the approaching train at a point where he could have saved himself from the accident, is not to be deemed so established as to take the consideration of the question from the jury, merely by calculations made at the trial, based upon the speed of the train and the estimated speed of the decedent's team when approaching the point of collision, which it is claimed showed that by looking at a proper point the deceased could have avoided the accident.

Contributory negligence is not imputable to the mere fact of attempting to cross a railroad soon after the passage of a train, which prevents an unlimited view of an approaching train, when the person waits until the first train has passed so far as to leave an unobstructed view of the tracks for a sufficient distance to authorize the jury to find that a person of reasonable caution might believe that the tracks were free, and that it was safe to attempt to cross them.

APPEAL by the defendant, the Lehigh Valley Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Chemung county on the 18th day of January, 1893, upon a verdict in favor of the plaintiff, rendered at the Chemung Circuit.

The action was brought to recover the damages resulting from the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence.

*Diven & Redfield,* for the appellant.

*Babcock, Baxter & Gibson,* for the respondent.

HARDIN, P. J.:

When the plaintiff rested the defendant moved for a nonsuit on the following grounds: " (1) That the evidence does not clearly show negligence on the part of the defendant. (2) That the evidence does not affirmatively show freedom from negligence on the part of the deceased. (3) That the evidence does clearly show negligence on the part of the deceased." The court remarked, viz.: " I think I will postpone the decision of the motion until after the evidence of the defendant is in." At the close of the defendant's evidence the counsel for the defendant renewed the motion on the same grounds, and it was denied, and the defendant took an exception. When the accident occurred defendant's passenger train was moving south on the "east-bound track" at a speed of forty miles per hour, or fifty-eight and one-half feet per second, and when the locomotive of that train reached Oak Ridge crossing, it collided with the team and wagon being driven by the deceased in the highway which crossed the track. When the deceased had reached a point twenty-eight feet from the east rail of the west-bound track, he stopped his team and waited until a freight train, which was moving in the opposite direction, had crossed the highway; and when the rear of the freight train had passed 266 feet from the crossing, the deceased " then raised up and looked both ways, up and down, east and west. He was standing up when looking up and down the track, six or seven car lengths, I should think, from the highway where he crossed. Then he started his team over the track, and just as his team was on the track he looked up, and saw this train coming so fast that he just raised up his hands and made a spring to escape with his life, and the train struck him just as he jumped. * * * The body of Erway lay between the two tracks, about ninety feet from the crossing where he was struck." The witness from whose testimony the quotation has just been made, added: " When this train was approaching this crossing I did not hear any whistle blown or bell rung by this passenger train going east. The train was a Lehigh Valley passenger train. It was running very fast." The freight train was moving at about twelve miles per hour,

and it is claimed that it was distant from the highway 518 feet when the collision occurred.   In the course of the charge delivered to the jury, the trial judge instructed them that the question for them to consider was, whether the defendant had been, under the circumstances of the case, guilty of negligence, and did "reasonable prudence require the ringing of the bell or the blowing of the whistle;" he said: "If it did, gentlemen of the jury, and this defendant has failed to do that which reasonable prudence would require under the circumstances surrounding this case, then the defendant has been guilty of negligence, but if they have done all that reasonable prudence required under the circumstances surrounding this case, then the defendant is not guilty of negligence, and this plaintiff cannot recover." It is now insisted in behalf of the appellant, that the evidence did not warrant the jury in finding that the bell on the engine which caused the injury was not rung, and our attention is called to the rule as laid down in *Culhane* v. *N. Y. C. & H. R. R. R. Co.* (60 N. Y. 133); *McKeever* v. *N. Y. C. & H. R. R. R. Co.* (88 id. 667); *Hoffman* v. *The Fitchburg Railroad Co.* (51 N. Y. St. Repr. 245); and it is claimed that because several witnesses in behalf of the defendant testified that the bell was rung, that the evidence given on the part of the plaintiff was insufficient to carry the question to the jury. Several witnesses were called on the part of the plaintiff, who testified they did not hear the bell rung, and gave facts and circumstances explanatory of their positions and opportunities for hearing it rung, and to enable them to determine whether it was rung.   Besides these witnesses, the plaintiff called the witness Zachariah Roy, who testified that he was on the wagon next to the deceased, and that he saw the freight train and that the deceased stood at the crossing at the time the freight train was passing, and that "he was sitting down against the corn, and he sat there until the freight train had passed west and the caboose had gone by.   Then he raised up and looked up and down the track, east and west; then he started his team."   After detailing the particulars of the collision, the witness added: "This passenger train was going very fast.   When it was passing or approaching this crossing, that passenger engine did not ring the bell or blow the whistle."   With this testimony in the case, as well as the other evidence bearing upon the question, we think it was not error to submit to the jury the question as to whether the bell

was rung or the whistle sounded, and whether the omission thereof, under the circumstances, was negligence on the part of the defendant.

(2) The defendant insists that the plaintiff was guilty of contributory negligence, and that the facts and circumstances disclosed did not warrant the jury in finding the intestate free from contributory negligence. A careful statement has been made of the speed of the train and the estimated speed of the team when approaching the point of collision, and upon calculations based thereon it is insisted that the deceased was guilty of negligence either in not looking and seeing the approaching train, or in having looked at a point where he could have saved himself from accident, and that he, therefore, was guilty of contributory negligence. From the nature of the circumstances referred to, the demonstration cannot be made absolutely certain, and, therefore, the trial judge was warranted in refusing to take the question of contributory negligence from the jury.

In *Massoth* v. *The D. & H. Canal Co.* (64 N. Y. 524), ALLEN, J., said: "It does not necessarily follow from the fact that a skilled engineer can demonstrate that from a given point in a highway the track of a railroad is visible for any distance, that an individual in charge of a team approaching the track is negligent because he does not from the same point see a train, approaching at great speed, in time to avoid a collision; and it is not enough to disturb a verdict of a jury in this court, in which legal errors only can be corrected, that the questions of fact are doubtful and that a different result might have been reached. There was no error in the refusal to nonsuit on account of the alleged contributory negligence of the deceased or Smith, his employer."

(3) Appellant calls our attention to *Heaney* v. *The Long Island Railroad Company* (112 N. Y. 122); in that case, the deceased started to cross the defendant's track just after a train had passed, "and the smoke from its engine settled down behind it upon the road so as to temporarily obscure objects in the line of vision. The deceased, however, appears to have gone ahead, and while upon the north track was struck by a west-bound train and killed;" and, under those circumstances, the court, in the course of its opinion, observed that it was "his duty to await the disappearance of the smoke, and thus be reasonably sure that he had a clear crossing." The features of that case are different from this one.

Our attention is also directed to *Foran* v. *The N. Y. C. & H. R. R. Co.* (64 Hun, 510); that case also differs from the one before us, as it appeared in that case that "except for the smoke the plaintiff, who went onto the track and was injured, could have seen the train," and it was, therefore, held that it was his duty to wait until the smoke lifted. And it was held that his failure to do so amounted to contributory negligence. In the case in hand, the deceased waited until the train had passed, so as to leave an unobstructed view of the tracks for a sufficient distance to authorize the jury to find that a person of reasonable caution might believe that the tracks were free, and that it was safe to attempt to cross them. If the defendant had sounded the whistle or rung the bell his attention might have been arrested at a point where he could have escaped the collision, and the jury may have found that the negligence of the defendant in the premises was the occasion of the collision. This case differs from *Daniels* v. *S. I. R. T. Co.* (125 N. Y. 407), as in that case it affirmatively appeared the deceased "proceeded to cross the track immediately after the down train passed the crossing, without looking up the road."

(4) After the delivery of the body of the charge to the jury the counsel for the defendant called attention to the expression in the charge as " to the care of an ordinarily prudent man ; " and asked the court " in connection therewith, to charge that he must take all precautions which the surrounding circumstances would permit, and that it is his duty to use every precaution, and make use of his senses, both of sight and hearing, so far as he can ; " and in response thereto the court observed, " I will so charge ; " thereupon the defendant's counsel requested the court " to charge that if any obstruction to the view existed just as he approached the track it was his duty to look when those obstructions were passed, and if they were of a temporary nature that it was his duty, as matter of law, to wait until they ceased to obstruct his view before taking the observation required of him." In response to that request the court said : " I decline, except as already charged." It is to be observed that the court had just instructed the jury " that he must take all precautions which the surrounding circumstances would permit," and that it is his duty to use every precaution.

We are of the opinion that the judge was not called upon to

repeat the substance of his charge, nor to use the exact words of the request, having already embodied in the instructions given to the jury the essential rules of law relating to the obligations of the defendant and of the deceased. We think the exception is unavailing, and that the verdict should remain.

MERWIN and PARKER, JJ., concurred.

Judgment affirmed, with costs.