CHARLES A. PITTS, as Administrator, etc., of MARGARET PITTS, Deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Negligent killing — action for damages — absence of contributory negligence — may be shown from circumstances in the absence of direct proof.*

In an action brought to recover the damages resulting from the death of the plaintiff's intestate, caused by the alleged negligence of a railroad company, absence of contributory negligence may be shown from circumstances.

The fact that no one can testify that he saw the deceased look both ways and listen, before attempting to cross the railroad tracks on which she was killed. does not necessarily show that she did not do her duty in that regard, and if the facts and surrounding circumstances shown are such as to reasonably indicate or tend to establish that the accident might have occurred without negligence on the part of the deceased, the question of contributory negligence is to be determined by the jury, although there were no eye witnesses to the accident.

It cannot be said, as a matter of law, at what particular point before reaching the railroad tracks the deceased should have looked for an approaching train.

APPEAL by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 23d day of May, 1893, upon the verdict of a jury rendered after a trial at the Chemung Circuit, and also from an order made at the Chemung Special Term commencing on the 8th day of May, 1893, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*D. C. Robinson*, for the appellant.

*Bacon & Aldridge*, for the respondent.

MERWIN, J.:

This action is brought for the recovery of damages for the death of Margaret Pitts, the wife of the plaintiff, Charles A. Pitts, by a collision between a passenger train of defendant and the carriage in which the deceased was riding at about eleven o'clock in the evening of November 30, 1892, at a railroad crossing on Pennsylvania avenue in the city of Elmira. The claim of the plaintiff is that the collision and death were occasioned by the negligence of the defendant in the management of its train. The evidence is, we think, sufficient to support the conclusion of the jury in this respect.

The main question here is whether the evidence justified the submission to the jury of the question of contributory negligence. The deceased lived with her husband a short distance outside of the city, and upon the evening in question they, with some of their friends, had been in attendance at a play at the opera house in the city. Shortly after eleven o'clock they started for home. One William Conklin, who was a nephew of the deceased, asked her to ride with him, and she did so, her husband riding with another party. Conklin had an ordinary platform spring wagon with two seats and drawn by one horse. There were five in his party. Conklin was the driver, and he, with another man, occupied the front seat, and the deceased, with two other ladies, were on the back seat, the deceased sitting between the other two. They drove along Pennsylvania avenue in a southerly direction, and the train with which they collided came from the easterly direction and was on the northerly or west-bound track. Upon the easterly side of the street, as they approached the crossing, there were some obstructions to an easterly view. There was a building occupied as a lumber office, there were a number of lumber piles and there were a box car and some flat cars on a switch or side track that was laid for the benefit of the lumber yard and reached to the street. There is evidence that the box car was close to the street. This switch or side track was about thirty-three feet from the west-bound track in a direction at right angles with it, but, by reason of the railroad running at an oblique angle with the street, the distance one would travel in driving on the street from the line of the switch to the same track was about forty-five feet, and there was a rise of about two feet as the main track was there higher than the ordinary line of the street.

The view easterly between the switch and the main track was some-what interfered with by several telegraph poles a foot in diameter, some of them having braces, and also by a semaphore, and in the night there were also switch lights and a semaphore light. There were gates at the crossing, but they were not operated after six o'clock in the evening, and there was then there no gateman or flag-man. At the collision all the persons in the carriage were killed except the driver. He was called as a witness and testified that as he approached the crossing and when he got far enough by the cars on the switch so he could see easterly he stopped his horse and looked and listened, looked both ways, up the track and down the track, looked eastward as far as he could and could see nothing except some switch lights down the track; that he then drove on, on a walk, and was on the track when he first saw the light of the engine and was not able to get across in time to avoid the collision. He also testified that as they approached the crossing Mrs. Pitts asked him " to stop and listen for a train and see if I could see any, and I did so." The horse was a gentle one, not afraid of the cars, and Conklin was accustomed to driving. All the parties were familiar with the crossing. There was evidence tending to show that no bell was rung or whistle blown within hearing distance of the crossing, and that the train was going at the rate of about forty miles an hour. Quite a strong wind was blowing from the northwest. There was evidence on the part of the defendant that at a point forty-two feet on the street from the crossing a traveler could see easterly an engine on the track 1,800 feet distant. This, however, was disputed by the plaintiff so far as applicable to the night in question.

The absence of contributory negligence may be shown from cir-cumstances. (*Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 199; *Chisholm* v. *State*, 141 id. 249; *Johnson* v. *Hudson R. R. R. Co.*, 20 id. 65.) The fact that no one can testify that he saw the deceased look both ways and listen does not necessarily show that she did not do her duty in that regard. (*Massoth* v. *Del. & Hud. Canal Co.*, 64 N. Y. 524; *Beckwith, Administrator*, v. *N. Y. C. & H. R. R. R. Co.*, 54 Hun, 446; affd., 125 N. Y. 759; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 id. 652.) In *Tolman* v. *Syr., Bing. & N. Y. R. R. Co.* (98 id. 198) it is said that if such facts and surrounding circumstances are shown as reasonably

indicate or tend to establish that the accident might have occurred without negligence on the part of the deceased, the question of contributory negligence is for the jury, although there were no eye witnesses of the accident. Nor can it be said as matter of law at what particular point the person should have looked. (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419, 427; *Petrie* v. *N. Y. C. & H. R. R. R. Co.*, 66 Hun, 284.) In *Shaw* v. *Jewett* (86 N. Y. 617) it is said: " The plaintiff is not bound to see; he is bound to make all reasonable effort to see that a careful, prudent man would make in like circumstances. He is not to provide against any certain result; he is to make an effort for a result that will give safety; such effort as caution, care and prudence will dictate."

The distance at which the deceased or the driver could see the headlight of an approaching engine, under the circumstances then existing, was indefinite. There were other lights in the vicinity. If no signals were heard or given, and the wind blew briskly from the other direction, and the train came on silently, so far as they were concerned, at forty miles an hour, it should not be said as matter of law that they could have seen it when they stopped or should have seen it in time to have avoided the collision. In the *Massoth* case it is said that " it does not necessarily follow from the fact that a skilled engineer can demonstrate that, from a given point in a highway, the track of a railroad is visible for any distance, that an individual in charge of a team approaching the track is negligent because he does not from the same point see a train approaching at great speed in time to avoid a collision." (See, also, *Puff* v. *Lehigh Valley R. R. Co.*, 71 Hun, 577; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364.)

We think that the question of contributory negligence was properly left to the jury. It follows that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.